Argued June 22, affirmed July 19, reconsideration denied August 25,
petition for review denied September 14, 1976

JAMES LISTON, *Petitioner,*

*v.*

OREGON CORRECTIONS DIVISION, *Respondent.*

(CA 5617)

552 P2d 275

*D. L. Olstad,* Portland, argued the cause for petitioner. With him on the brief were Bailey & Olstad, Portland.

*Kevin L. Mannix,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Fort, Judges.

LANGTRY, J.

## LANGTRY, J.

■■   Petitioner, James Liston, was placed on work release status from the Oregon State Penitentiary and housed at a work release center in Portland on August 26, 1975. He was transferred back to the penitentiary after a hearing held on November 26, 1975 which resulted in multiple findings of rule violations on his part. From this action he has taken this appeal, contending that there was irregularity in the dating of the findings order, that there was not substantial evidence to support the findings and that his constitutional rights to due process and rights under ORS 421.180 to 421.190[1] were denied him. The record shows that the hearings officer carefully explained petitioner's rights to him, and that petitioner demonstrated understanding of them and in writing acknowledged all of them and made appropriate and understanding waivers of some, while exercising others. He seems now to contend that he was entitled to more—for instance, he argues that he should have had rights to representation and to cross-examine witnesses. He understandingly waived representation, and he had no right to cross-examine witnesses. He was afforded the right to a witness of his own, and during the hearing when he asked for another witness he had neglected to call, the hearings officer accepted his statement of what that witness would say if called. He seeks to evade the fact that he was a prisoner in a disciplinary setting. ORS

[1]"The division shall adopt procedures to be utilized in disciplining persons committed to the physical and legal custody of the division. The procedures adopted shall be subject to the approval of the Governor." ORS 421.180.

"The procedures adopted pursuant to ORS 421.180 shall provide that an inmate shall be entitled to assistance and representation under terms and conditions established by the division. Nothing in this section shall be construed to limit the authority of the division to designate persons eligible to assist and represent the inmate." ORS 421.185.

"Evidence may be received at disciplinary hearings even though inadmissible under rules of evidence applicable to court procedure and the division shall establish procedures to regulate and provide for the nature and extent of the proofs and evidence and the method of taking and furnishing the same in order to afford the inmate a reasonable opportunity for a fair hearing." ORS 421.190.

144.500 provides that violation of any rule "may immediately terminate" the violator's participation in the program. He was carefully afforded all of his rights in that setting. *Bonney v. OSP,* 270 Or 79, 526 P2d 1020 (1974); *Bekins v. OSP,* 19 Or App 11, 526 P2d 629 (1974).

The technical irregularity about which petitioner complains is that the hearings officer signed his detailed findings and conclusions, dated "12-4-75." On the lines following the hearings officer's signature at the bottom of the last page thereof the field services chief signed under the date "12-3-75" the statement, "I have read the hearings report and supporting material and order: Remove from Work Release." We do not assume this last statement was signed without a reading of the preceding hearings report; hence, we do assume one or the other of the dates was filled in erroneously and harmlessly.

■ The findings were, briefly and essentially, that petitioner violated rule 2 (the rules are promulgated under authority of ORS 144.420(2) and 144.450(2) and each prisoner signs and accepts them when entering work release status) which requires the releasee to turn over to the work release housing authority " 'Monies earned *or received* from any source * * *.' " (Emphasis supplied.) Petitioner was involved in several irregularities in money matters; the clearest violation was his admission to deviously receiving $4,000 in early September (not more than a few weeks at most after signing the rules) from a bail bondsman in Idaho and purchasing therewith two automobiles, one of them clearly without reporting it in compliance with rule 2. Petitioner violated rule 5 (" 'I will not be a passenger in or on any private motor vehicle without approval * * *' ") by his own admission as well as by direct evidence. He violated rule 11 (" 'I will * * * cooperate fully with representatives of work release' ") in that the evidence showed, and he admitted, that he wilfully lied when first questioned about his riding in

the private vehicle and also about his association with the driver thereof, who is an ex-felon he was acquainted with in the penitentiary. There was more than ample competent evidence and reason for the action taken.

Affirmed.